Filed 5/29/15  P. v. Diaz CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ROBERTO DIAZ, Defendant and Appellant. | H040549 (Santa Clara County Super. Ct. No. B1154638) |

A jury found defendant Roberto Diaz guilty of one count of lewd or lascivious conduct (Pen. Code, § 288, subd. (c)(1)) for inappropriately touching one of his stepdaughters while she was sleeping in her bed.  The trial court sentenced defendant to two years in state prison.  Upon defendant's timely appeal, we appointed counsel to represent him in this court.  Appellate counsel filed a brief stating the case and facts but raising no issues.  We notified defendant of his right to submit written argument on his own behalf and received no response.

We have reviewed the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440-441.)  We include here a brief description of the facts and procedural history of the case, and the conviction and punishment imposed.  (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

### I.    TRIAL COURT PROCEEDINGS

The following is based on testimony from defendant's jury trial.  Maria A. has two daughters, L. (born in 1994) and Li. (born in 1995).  In 2002, Mother moved with her

daughters into a house owned by her babysitter. While living in that house Mother started dating defendant (born in 1984), who was the babysitter's nephew. Mother and defendant married in 2004 and later had a son, Le. In 2008, Mother, defendant, L., Li., and Le. moved into a two-bedroom apartment in Sunnyvale. The older daughter L. moved out of the apartment in February 2011.

Li. testified that in the morning of June 20, 2011, she was asleep in her room sharing a bed with Le. She woke up because she felt someone touching her vagina on top of her pajamas and rubbing "in a back and forth motion." She opened her eyes and saw defendant with his hand on her stomach. Li. panicked and told defendant to get out of her room, which he did. She picked up a pair of scissors for protection and left the house with her brother while they were still in their pajamas. Li. and Le. walked to a pharmacy and Li. called Mother, who drove them to a police station and reported the incident. L. met them at the police station and reported that defendant had also touched her inappropriately in the past.

Defendant was arrested the next morning and advised of his rights under *Miranda v. Arizona* (1966) 384 U.S. 436. During his interrogation, defendant eventually admitted that the previous morning he had touched Li. on the stomach and that he had also touched her vagina outside her clothes for 10 to 15 seconds. He claimed he did so because of stress in his marriage. Defendant denied ever touching L. inappropriately.

Defendant was held to answer and charged by first amended information with two counts of committing lewd or lascivious acts upon Li. when she was 15 and he was at least ten years older (Pen. Code, § 288, subd. (c)(1)) and two counts of committing lewd or lascivious acts upon L. when she was under 14 years old (Pen. Code, § 288, subd. (a)).[1]

---

[1] Immediately after the first amended information was filed defendant moved and was granted judgment of acquittal as to count two (one of the counts related to Li.). (§ 1118.1.)

The foregoing evidence was presented at trial. Defendant also testified, denying that he ever inappropriately touched any of the children and explaining that he falsely admitted touching Li.'s vagina because he felt intimidated by the police. The jury convicted defendant of count one, which pertained to his misconduct with Li. in her bedroom in June 2011. The jury could not reach a verdict on the two counts that alleged touching of L., and the court declared a mistrial as to those counts. Those counts were later dismissed on the prosecution's motion.

The trial court denied probation and sentenced defendant to the middle term of two years in state prison. The trial court also ordered defendant to pay a $400 restitution fine (Pen. Code, § 1202.4, subd. (b)(1)) with an additional $400 imposed but suspended pending successful completion of parole (Pen. Code, § 1202.45, subd. (a)); $2,765 in restitution to the Victim Compensation and Government Claims Board; a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)); a $30 court facilities funding assessment (Gov. Code, § 70303, subd. (a)(1)); and a $129.75 criminal justice administration fee (Gov. Code, § 29550.1). The court waived a Penal Code section 290.3 fine after finding defendant did not have the ability to pay.

We have reviewed the entire record and find no arguable issue.

## II.    DISPOSITION

The judgment is affirmed.

3

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Márquez, J.